Wyx.ue, J.,
while concurring in the judgment, was of opinion that- a. court of equity ought to restrain the collection of an illegal tax where the law had been disregarded or where there was no law for the assessment.
Cartter, Oh. J., dissented, and Humphreys, J., read the following opinion.
The only allegations in the bill which we can notice are, in my opinion, that of fraud in the admeasurement and the tax, including the church property. These charges give jurisdiction to a court of equity. If there was a wrong measurement of the grounds, there must, necessarily, have been .too high an assessment. If too high an assessment, the court could control it if coupled or attended, as is alleged, with fraud. The assessment for the church property ought, to be made upon the common fund of the District, not upon the property immediately adjoining. Complainant should tender into court the amount really due, to be separated by him in his bill, before he can ask or obtain a restraining or enjoining order or decree. If the assessment is void, complainant’s remedy is full and complete at law, and cannot ask the aid of a court of chancery. It is only where some account is to be taken, or adjustment is to be made of conflicting rights, that the interposition of equity proceedings can be invoked.
The complainant’s claim is for adjustment, but, before he can interrupt the prima facie case against him, he must offer to pay what really is due. The bill shows that something is due, else it shows a total absence of authority to levy the tax and issue the certificates, and that the whole proceedings were void; in which event the remedy is complete, full and adequate, at law.
It is true that the bill alleges that the proceeding in issuing *571 the certificate against the property of complainant was void and illegal. Yet, if that is true, the relief of complainant is full, adequate, and complete at law, and he cannot call to his aid the remedial powers or functions of a court of equity. If void, it is of no effect; it needs no correction; it needs no remedial interference; it needs no correction of that which, by reason of its universality, is deficient. The deficiency ■does not exist if the issuance of the certificate is void, and the remedy must be complete at law. If the certificate is void, it casts no cloud upon the title such as the law requires to be removed by the interposition of a court of equity. But if there are equities or adjustments between the parties, then the peculiar remedies afforded in chancery may be resorted to. When these are resorted to, the court can require the complainant to perform what may be necessary on his part before proceeding any further in the case.
The case before us comes within the rules stated, and the complainant must abide by them or his bill be dismissed.
The majority of the court think that the injunction should be made permanent, and this is my dissent from their ruling.